MARK J. CONNOT (10010)
COLLEEN E. MCCARTY (13186)
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Ste 700
Las Vegas, NV 89135
Telephone: 702.262.6899
Facsimile: 702.597.5503
mconnot@foxrothschild.com
cmccarty@foxrothschild.com
*Counsel for Defendants Zachary K. Bradford,
Lori L. Love, S. Matthew Schultz, Roger P. Beynon,
Larry McNeill, Thomas L. Wood, Amer Tadayon, and
Nominal Defendant CleanSpark Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE CLEANSPARK, INC. DERIVATIVE LITIGATION,<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No.: 2:21-cv-01004-GMN-BNW<br><br>Consolidated with:<br>Case No.: 2:21-cv-01181-GMN-BNW<br><br>Pending Consolidation with:<br>Case No. 2:23-cv-00358-ART-BNW<br>Case No. 2:23-cv-00315-JAD-NJK<br>Case No. 2:23-cv-00444-GMN-NJK and<br>Case No. 2:23-cv-00445-GMN-BNW<br><br>**DEFENANTS' MOTION TO CONSOLIDATE** |

Defendants Zachary K. Bradford ("Bradford"), S. Matthew Schultz ("Schultz"), Roger P. Beynon ("Beynon"), Lori L. Love ("Love"), Larry McNeill ("McNeill") Thomas L. Wood ("Wood"), and Amer Tadayon ("Tadayon") (collectively, "Individual Defendants") and nominal Defendant CleanSpark, Inc. ("CleanSpark" and with the Individual Defendants, "Defendants") hereby move this Honorable Court under Federal Rule of Civil Procedure 42(a)(2) of the Federal Rules of Civil Procedure ("FRCP") and the Joint Stipulation and Order Consolidating Related Action and Appointing Co-Lead Counsel (Dkt. No. 10) ("Consolidation Order") for an Order consolidating the matters styled *Iraci v. Bradford, et al.*, Case No. 2:23-cv-00315-JAD-NJK ("*Iraci* Matter"), *Atanasoff v. Bradford, et al.* Case No. 2:23-cv-00358-ART-BNW ("*Atanasoff* Matter"), *Smith v. Bradford, et al.*, Case No. 2:23-cv-00445-GMN-BNW ("*Smith* Matter"), and

144042733.1

*France v. Bradford, et al.*, Case No. 2:23-cv-00444-GMN-NJK ("*France* Matter" and collectively with the *Iraci*, *Atanasoff*, and *Smith* Matters, "Subsequent Related Actions") with the first filed shareholder derivative action filed on behalf of CleanSpark, styled *In re CleanSpark Inc. Derivative Litigation,* Case No. 2:21-cv-01004-GMN-BNW ("Consolidated Action"), (previously consolidated with Case No. 2:21-cv-01181-GMW-BNW). The Subsequent Related Actions share common questions of law and fact with the Consolidated Action and the separately filed proceedings can and should be considered together as a matter of convenience and judicial and party economy.

This Motion to Consolidate is made and based on the following Memorandum of Points and Authorities; the pleadings and papers on file herein, and any oral argument the Court may permit at a hearing of this matter.

DATED: March 24, 2023

FOX ROTHSCHILD LLP

/s/ *Colleen E. McCarty*
MARK J. CONNOT (10010)
COLLEEN E. MCCARTY (13186)
1980 Festival Plaza Drive, Ste. 700
Las Vegas, NV 89135
Telephone: 702.262.6899
Facsimile:  702.597.5503
mconnot@foxrothschild.com
cmccarty@foxrothschild.com
*Counsel for Defendants Zachary K. Bradford, S. Matthew Schultz, Lori L. Love, Robert P. Beynon, Larry McNeill, Thomas L. Wood, Amer Tadayon, and Nominal Defendant Cleanspark, Inc.*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Defendants respectfully request the Court continue its consolidation efforts in this matter by further ordering consolidation with the instant Consolidated Action the four recently filed actions noted above, the *Iraci* Matter pending before the Honorable Jennifer A. Dorsey, the *Atanasoff* Matter, pending before the Honorable Anne R. Traum, and the *France* and *Smith*

Matters, pending before this Court. In addition to these cases involving identical and/or overlapping factual and legal issues, events, and questions of law, and defendants, as well as duplicative claims, the Consolidation Order (Dkt. No. 10) entered by this Court, requires that all related shareholder derivative actions – which inarguably include the Subsequent Related Actions – be further consolidated with the Consolidated Action.

As even a cursory review of the operative complaints makes clear, all of the claims at issue are premised on allegedly false or misleading statements or omissions made by virtually identical parties[1] related to CleanSpark's acquisition of ATL Data Centers. These are the very same allegations that make up the subject matter of the Consolidated Action currently before this Court. For these reasons, Defendants respectfully request, pursuant to FRCP 42 and the Consolidation Order, that the Subsequent Related Actions be consolidated with the Consolidated Action for all purposes, which will benefit both the Court and the parties.

**FACTUAL BACKGROUND AND PROCEDURAL POSTURE**

On May 26, 2021, plaintiff Andrea Ciceri filed a shareholder derivative action herein on behalf of CleanSpark, captioned *Ciceri v. Bradford, et al.*, Case No. 2:21-cv-01004-GMN-BNW (Dkt. No. 1) (the "*Ciceri* Matter"). The *Ciceri* Matter was assigned to this Court and Magistrate Judge Brenda Weksler. Thereafter, on June 22, 2021, plaintiff Mark Perna filed a second shareholder derivative action on behalf of nominal defendant CleanSpark in the United States District Court for the District of Nevada, captioned *Perna v. Bradford, et al.*, Case No. 2:21-cv-01181-GMN-BNW (Dkt. No. 1) (the "*Perna* Matter").

Pursuant to the Consolidation Order (Dkt. No. 10), dated June 29, 2021, this Court consolidated the *Ciceri* and *Perna* Matters and designated the complaint filed in the *Ciceri* Matter as the operative complaint. Paragraph 11 of the Consolidation Order specifically provides as follows:

> This Order shall apply to each related shareholder derivative action involving the same or substantially the same allegations, claims,

---

[1] Defendant Lori Love is not named as a defendant in the *Atanasoff* matter. Defendant Amer Tadayon is only named as a defendant in the *France* Matter. With those exceptions, all other defendants in the Consolidated Action, and the Subsequent Related Actions are identical.

Page 3

144042733.1

> and defendants, and arising out of the same, or substantially the same, transactions or events as the Consolidated Action, that is subsequently filed in, removed to, reassigned to, or transferred to this Court ("Potential Subsequent Related Derivative Action"). When a shareholder derivative action that properly belongs as part of *In re CleanSpark, Inc. Derivative Litigation*, Lead Case No. 2:21-cv-01004-GMN-BNW, is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, this Court requests the assistance of counsel in calling to the attention of the Clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re CleanSpark, Inc. Derivative Litigation*, Lead Case No. 2:21-cv-01004-GMN-BNW, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to Potential Subsequent Related Derivative Actions filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court.

(Dkt. No. 10 at ¶ 11).

On February 24, 2023, plaintiff Nicholas Iraci filed a third shareholder derivative action on behalf of nominal defendant CleanSpark in Nevada's Eighth Judicial District Court, captioned *Iraci v. Bradford, et al.*, Case No. A-23-866172-C. A true and correct copy of the complaint in the *Iraci* Matter is attached hereto as **Exhibit A**. On February 28, 2023, defendant Schultz filed a Petition for Removal and Notice of Petition for Removal, removing the *Iraci* Matter to the U.S. District Court. The *Iraci* Matter is now pending before the Honorable Jennifer A. Dorsey, captioned *Iraci v. Bradford, et al.*, Case No. 2:23-cv-00315-JAD-NJK. On March 6, 2023, defendant Schultz filed a Notice of Related Case (Dkt. No. 46), requesting that the *Iraci* Matter be transferred to this Court and added to the Consolidated Action as required pursuant to the Consolidation Order.

On March 1, 2023, plaintiff Eric Atanasoff filed a fourth shareholder derivative action on behalf of CleanSpark, also in Nevada's Eighth Judicial District Court, captioned *Atanasoff v. Bradford, et al.*, Case No. A-23-866492-C. A true and correct copy of the complaint in the *Atanasoff* Matter is attached hereto as **Exhibit B**. Thereafter, on March 7, 2023, defendant Schultz filed a Petition for Removal and Notice of Petition for Removal, removing the *Atanasoff* Matter to the U.S. District Court.  The *Atanasoff* Matter is now pending before the Honorable

144042733.1

Anne R. Traum, captioned *Atanasoff v. Bradford, et al.*, Case No. 2:23-cv-00358-ART-BNW. On March 9, 2023, defendant Schultz filed a Notice of Related Case (Dkt. No. 48), requesting that both the *Iraci* and *Atanasoff* Matters be transferred to this Court and added to the Consolidated Action as required pursuant to the Consolidation Order.

On February 21, 2023, plaintiff Brandon Smith filed a fifth shareholder derivative action on behalf of nominal defendant CleanSpark in Nevada's Eighth Judicial District Court, captioned *Smith v. Bradford, et al.*, Case No. A-23-866051-C. A true and correct copy of the complaint in the *Smith* Matter is attached hereto as **Exhibit C**. On March 23, 2023, Defendants filed a Petition for Removal and Notice of Petition for Removal, removing the *Smith* Matter to the U.S. District Court. The *Smith* Matter is now pending before this Court, captioned *Smith v. Bradford, et al.*, Case No. 2:23-cv-00445-GMN-BNW. On March 24, 2023, Defendants filed a Notice of Related Case (Dkt. No. 50), requesting that the *Smith* Matter be added to the Consolidated Action as required pursuant to the Consolidation Order.

On March 8, 2023, plaintiff Travis France filed a sixth shareholder derivative action on behalf of nominal defendant CleanSpark in Nevada's Eighth Judicial District Court, captioned *France v. Bradford, et al.*, Case No. A-23-866925-C. A true and correct copy of the complaint in the *France* Matter is attached hereto as **Exhibit D**. On March 23, 2023, Defendants filed a Petition for Removal and Notice of Petition for Removal, removing the *France* Matter to the U.S. District Court. The *France* Matter is now pending before this Court, captioned *France v. Bradford, et al.*, Case No. 2:23-cv-00444-GMN-NJK. On March 24, 2023, Defendants filed a Notice of Related Case (Dkt. No. 51), requesting that the *France* Matter be added to the Consolidated Action as required pursuant to the Consolidation Order.

As the relevant pleadings make clear, the Consolidated Action and the Subsequent Related Actions are all derivative actions brought on behalf of nominal defendant CleanSpark, and the cases involve significantly overlapping defendants: Bradford, Love, Schultz, Beynon, McNeill, and Wood. Although the Consolidated Action has been pending since June 21, 2021, the matter was stayed from January 21, 2022 until January 5, 2023, and discovery has not yet advanced. Further, the Subsequent Related Actions, like the Consolidated Action, allege that

144042733.1

Defendants made material misstatements and omissions in the same public statements and regarding the same event: i.e., CleanSpark's acquisition of ATL Data Centers, Inc. And, they all rely heavily on the same reports by a short-seller, Culper Research, to support their claims.

The Subsequent Related Actions and the Consolidated Action also allege significantly overlapping claims in connection with the above-alleged acts and omissions: i.e., the Consolidated Action alleges breach of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets, the *Iraci* Matter alleges breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and unjust enrichment, the *Atanasoff* Matter alleges breach of fiduciary duty and unjust enrichment, the *Smith* Matter alleges breach of fiduciary duty and unjust enrichment, and the *France* Matter alleges breach of fiduciary duty, unjust enrichment, and corporate waste.

Finally and critically, the Consolidated Action and the Subsequent Related Actions all ask the Court to afford relief to the same party: nominal defendant CleanSpark. Accordingly, the Consolidated Action and the Subsequent Related Actions involve identical and/or overlapping defendants, factual and legal issues, events, and questions of law, as well as duplicative claims, warranting consolidation.

## II.

## ARGUMENT

### A. The Legal Standard Applicable to a Motion to Consolidate is Met Herein

#### 1. The Court Has Broad Discretion to Consolidate Cases.

Consolidation is available "[i]f actions before the court involve a common question of law or fact[.]" FRCP 42(a). Under FRCP 42(a), courts have broad discretion to order consolidation and must balance their interests in saving time against any inconvenience, delay or expense that consolidation of cases may cause. *See Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984). Consolidation is particularly appropriate where such action will save the parties time and money and avoid the possibility of inconsistent outcomes. *See BAE Systems Mobility & Protection Sys. v. Armorworks Enterprises, LLC*, 2009 WL 995862, *1 (D. Ariz. 2009).

///

144042733.1

### *2. Under This Standard, Consolidation of the Cases in Question Is Warranted.*

As is evident from a review of the complaints filed in the Subsequent Related Actions, attached hereto as **Exhibits A – Exhibit D**, and the operative complaint in the Consolidated Action (Dkt. No. 1), the matters carry the identical and/or overlapping allegations, with the same evidence to be developed in discovery. The parties are the same in each action, with the exception of Defendant Love, who was only not named in the *Atanasoff* Matter, and Defendant Tadayon, who was only named in the *France* Matter, and the testimony of the same individuals will be sought in each case. The allegations arise from the same and/or overlapping transactions and occurrences and the suits were all brought ostensibly for the benefit of the same entity: CleanSpark.  However, the pursuit of copycat litigation in multiple courts is hardly beneficial to CleanSpark when consolidation will save the parties duplication of efforts and the corresponding time and money expenditures that will surely result.

In the final analysis, consolidation by this Court of the instant Consolidated Action and the Subsequent Related Actions will allow for the most expeditious resolution of all outstanding disputes, will serve the interests of judicial and party economy, and will avoid the possibility of inconsistent judgments. Indeed, the possibility of inconsistent rulings is not merely academic. To the contrary, with multiple, nearly identical complaints pending before different courts, the threat of inconsistent rulings – for example on motions to dismiss what are effectively identical complaints – is very real.  Moreover, consolidation will not prejudice any of the parties where discovery has not yet commenced. Accordingly, this Court should grant the instant Motion to Consolidate, pursuant to FRCP 42(a).

### B. The Consolidation Order Also Requires Consolidation

The Consolidation Order entered by this Court on June 29, 2021 contemplated circumstances such as these where related shareholder derivative actions "involving the same or substantially the same allegations, claims, and defendants, arising out of the same or substantially the same, transactions or events as the Consolidated Action" were subsequently filed in, removed to, reassigned to, or transferred to the U.S. District Court. (Dkt. No. 10 at ¶ 11).  The Order provides that such cases should be properly consolidated with the Consolidated

144042733.1

Action and requests the assistance of counsel to call to the attention of the court any related actions. *Id.* Moreover, the Order uses the mandatory language that it "shall apply" to each related derivative action. As set forth herein, there can be no reasonable dispute that the Subsequent Related Actions are related to the Consolidated Action. Therefore, pursuant to the Consolidation Order, Defendants respectfully request that they be consolidated with the Consolidation Action for all purposes.

## III.

## CONCLUSION

For the foregoing reasons the Defendants respectfully request that the Court grant this Motion to Consolidate and order that the *Iraci* Matter, Case No. 2:23-cv-00315-JAD-NJK, the *Atanasoff* Matter, Case No. 2:23-cv-00358-ART-BNW, the *France* Matter, Case No. 2:23-cv- 00444-GMN-NJK, and the *Smith* Matter, Case No. 2:23-cv-00445-GMN-BNW, be consolidated with the Consolidated Action, Case No. 2:21-cv-01004-GMW-BNW for all purposes, including trial.

DATED:  March 24, 2023

**FOX ROTHSCHILD LLP**

*/s/ Colleen E. McCarty*
MARK J. CONNOT (10010)
COLLEEN E. MCCARTY (13186)
1980 Festival Plaza Drive, Ste. 700
Las Vegas, NV 89135
mconnot@foxrothschild.com
cmccarty@foxrothschild.com
*Counsel for Defendant Zachary K. Bradford, S. Matthew Schultz, Lori L. Love, Robert P. Beynon, Larry McNeill, and Thomas L. Wood, Amer Tadayon, and Nominal Defendant Cleanspark, Inc.*

144042733.1

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Fox Rothschild LLP and that on the 24th day of March 2023, pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I served a true and correct copy of the foregoing **DEFENDANTS' MOTION TO CONSOLIDATE** via electronic transmission via the Federal Court Filing System (CM/ECF).

/s/ Deborah L. Pressley
An employee of Fox Rothschild LLP

144042733.1